IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Civil Action No. 20-cv-3500 (KBJ) |
| DONALD J. TRUMP, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**JOINT NOTICE OF PROPOSED SCHEDULE**

The parties have conferred regarding a proposed schedule for further proceedings in this matter. Although the parties have agreed upon a proposed schedule, they were unable to agree as to the contents of this notice, and thus submit the following separate statements:

*Plaintiffs' Statement*

At the December 7, 2020 status conference and in the Court's subsequent minute order, the Court, with Plaintiffs' consent, denied as moot Plaintiffs' motion for a temporary order in "light of the representations made by Defense Counsel at the Status Conference with respect to the preservation of records." December 7, 2020 Minute Order. As part of those representations, Defense counsel stated that she was "willing to work with [Plaintiffs' counsel] to make sure that . . . she is satisfied with" Defendants' document preservation "procedures." Tr. at 21:6-8; *see also id.* at 22:3-9 ("MS. WEISMANN: . . . Given the representations of [defense] counsel and the willingness -- their express willingness to work with us so that we understand and are reassured about the procedures they have in place to capture records of departing employees, we are willing -- we can either withdraw our motion or the Court can treat it as moot, and we are

willing then to talk about scheduling for a motion to dismiss."). The Court thus instructed the parties to confer and "propose a schedule regarding further proceeding concerning the claims in this case." Tr. at 23:13-20; December 7, 2020 Minute Order.

The parties conferred as ordered. Defendants stated, as they had at the status conference, that they intended to move to dismiss the Complaint. Plaintiffs then asked for further details about Defendants' document preservation procedures, to ensure that records would not be improperly removed, lost, or destroyed while Defendants' planned motion to dismiss is litigated. In response, defense counsel confirmed that the White House has issued a litigation hold requiring current White House employees to preserve all Presidential records in their original, native format while this litigation is pending, and further represented that the White House will require any departing employees to electronically transfer, to the extent technologically feasible, complete versions of any Presidential records stored in their non-official electronic messaging accounts to an official account prior to their departure. Based on those representations, Plaintiffs agreed that the appropriate next step in this case is for the parties to brief Defendants' forthcoming motion to dismiss in accordance with the schedule proposed below.

When Plaintiffs proposed including the above summary of defense counsel's representations in this notice, Defendants' did not dispute the accuracy of the summary, but refused to include it in any joint submission. Because the summary merely relays the substance of the parties' conferral and the basis for Plaintiffs' agreement to the proposed schedule, Plaintiffs deemed it necessary to include the summary in this notice.

*Defendants' Statement*

The Court ordered the parties to confer on a schedule moving forward, not to re-litigate the plaintiff's motion for preservation. The topic of preservation was thoroughly discussed

during the status hearing of December 7, 2020, which was immediately transcribed and made available to the parties. During the conference between the parties, undersigned counsel agreed to respond to additional questions posed by plaintiff's counsel and clearly indicated to counsel that she needed to confirm any information provided during the conference. It was not reasonable for plaintiffs to expect a response prior to today's noon deadline, nor is it appropriate to try to obtain already-denied relief by injecting it into a notice of proposed briefing schedule – a schedule on which the parties agree.

*The Parties' Agreed-Upon Proposed Schedule*

The parties agree to the following schedule for further proceedings in this case:

December 15, 2020:   Defendants' Motion to Dismiss the Complaint

December 29, 2020:   Plaintiffs' Opposition

January 5, 2021:   Defendants' Reply


Dated: December 8, 2020            Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

 */s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO (D.C. Bar 418925)
JULIA HEIMAN (D.C. Bar 986228)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-5302
Fax: (202) 616-8470
Email: elizabeth.shapiro@usdoj.gov

*Attorneys for Defendants*

*/s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
6117 Durbin Road
Bethesda, MD 20817
301-717-6610
weismann.anne@gmail.com

Nikhel S. Sus
(D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
1101 K St. N.W., Suite 201
Washington, DC 20005
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org
*Counsel for Plaintiffs*