**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| NATIONAL SECURITY ARCHIVE, *et al.*,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | Civil Action No. 20-3500-KBJ |
| ) | |
| DONALD J. TRUMP, *et al.*,  ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

**PLAINTIFFS' NOTICE REGARDING STATUS OF THIS CASE**

By Minute Order dated January 28, 2021, the Court ordered Plaintiffs to file a notice

informing the Court, in light of the recent change in administration, of which counts in the

complaint, if any, have become moot. Plaintiffs hereby respond to the Court's Order.

Counts I and II of Plaintiffs' Complaint challenge as contrary to the Presidential

Records Act (PRA) the failure of Defendants Donald Trump and the Executive Office of the

President (EOP) to obtain the Archivist's written views and to transmit a disposal schedule to

Congress prior to disposing of Presidential records. Because Donald Trump no longer is

president and his Presidential records are now under the legal custody and control of the

National Archives and Records Administration (NARA), Counts I and II are now moot.

Counts III and IV of the Complaint challenge as contrary to the PRA the

screenshotting policy then in effect that authorized White House staff, as a means of

satisfying their PRA obligations, to "screenshot" Presidential records created or sent from

certain non-official electronic messaging accounts and to forward those screenshots to an

official account. Counsel for Defendants has confirmed to Plaintiffs in writing that the Biden

White House has rescinded this policy and, after consultation with NARA, replaced it with a policy that provides that non-EOP instant messaging applications should not be used to conduct official business. The new policy further provides that if extenuating circumstances ever require use of such applications, then messages must be exported electronically and sent to an EOP account. Under the new policy, electronic export means utilizing the particular application's functionality allowing electronic export, which includes the export of the metadata that functionality permits. The guidance's requirement to capture all Presidential records includes attachments that are themselves Presidential records. Further, if the electronic records cannot be exported electronically, the guidance requires the employee to contact the White House Counsel's office to ensure appropriate preservation. Under this new policy, only if no other means are available can screenshots be taken and emailed to an EOP mail account, but even in that circumstance the guidance requires that metadata such as the time and date of the message be captured or added if not apparent. In light of these representations, Counts III and IV are now moot.

Counts V and VI challenge as contrary to the PRA the failure of Defendant Jared Kushner to preserve in an official White House account complete copies of all Presidential records he created or sent from his non-official electronic messaging accounts. Defendants' counsel has informed Plaintiffs in writing that representatives of the Trump Administration informed NARA that the Trump White House officials who used WhatsApp (including Jared Kushner) were successfully able to download and export electronic copies of their records and forward them to their official accounts prior to the end of the administration. Accordingly, Defendants' counsel advised, NARA now has legal custody of those

Presidential records. In light of these representations, Plaintiffs no longer wish to pursue Counts V and VI and consent to dismissal of those claims without prejudice.

Finally, Count VII challenges the failure of NARA and the Archivist to take action prior to the conclusion of former President Trump's term of office to ensure the preservation of complete copies of all Presidential records created or sent from non-official electronic messaging accounts during President Trump's term of office. President Trump's term has now ended, and NARA has represented to Plaintiffs that it has legal custody and control of President Trump's Presidential records and further that it has not yet been able to assess the completeness of those records. Defendants' counsel has specifically represented that the Trump White House officials who used WhatsApp (including Jared Kushner) were successfully able to download and export electronic copies of their records and forward them to their official accounts prior to the end of the administration. In light of these representations, Plaintiffs no longer wish to pursue Count VII and consent to dismissal of that claim without prejudice, reserving the right to revisit this issue at a later time.

For all of these reasons, Plaintiffs have filed this day a notice of voluntary dismissal without prejudice.

Dated: February 11, 2021                    Respectfully submitted,

/s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
6117 Durbin Road
Bethesda, MD  20817
Telephone: (301) 717-6610
weismann.anne@gmail.com

/s/ Nikhel S. Sus
Nikhel S. Sus
(D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON

1101 K St. N.W., Suite 201
Washington, DC 20005
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org

*Counsel for Plaintiffs*